IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 3 0 2010

MATTHEW J. DYKMAN
CLERK

ANDRES ARELLANES,

Plaintiff,

v.

No. CIV 09-00432 BB/RHS

JASON CLARKE, DAYNA BROCK,
JOEL LUCHETTI, and EDDIE PADILLA,
and PATRICK APODACA, in their individual
capacities, and CITY OF ALBUQUERQUE,

Defendants.

## STIPULATED PROTECTIVE ORDER REGARDING
## DEFENDANT OFFICER'S INTERNAL AFFAIRS FILES

**THIS MATTER** came before this Court on Defendants Clarke and Brock's Unopposed Motion for Protective Order Regarding Defendant Officers' Internal Affairs Files. The Court reviewed the Motion and arguments made therein and considered that all the parties to this litigation do not oppose this Motion. Accordingly, this Court finds that Defendants Clarke and Brock's Unopposed Motion for Protective Order Regarding Defendant Officers' Internal Affairs Files is well-taken and should be granted.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that:

A. Defendants Clarke and Brock's Unopposed Motion for Protective Order Regarding Defendant Officers' Internal Affairs Files is hereby granted;

B. Defendant Officers shall produce to United States Magistrate Judge Robert H. Scott a copy of those portions of their Internal Affairs files which Defendant Officers contend are privileged from disclosure, along with a Vaughn index as described below. This Court will then conduct an in camera inspection to ensure that neither privileged matters nor information which is

entitled to a reasonable expectation of privacy is disclosed. Defendant Officers shall produce these limited portions of her Internal Affairs files within five (5) days from the date on which this Court enters this Stipulated Protective Order;

C.  Along with the files, Defendant Officers shall submit to the Court a <u>Vaughn</u> index, which sets forth the factual and legal basis for her objections to the production of their Internal Affairs files;

D.  Defendant Officers shall produce to Plaintiff's counsel a copy of those portions of their Internal Affairs files which Defendant Officers do *not* contend are privileged from disclosure and a copy of the <u>Vaughn</u> index within five (5) days of this Court's entry of this Stipulated Protective Order;

E.  Plaintiff and Plaintiff's attorneys shall hold Defendant Officers' Internal Affairs files in the strictest of confidence, store the files securely, and use the files solely for the purposes of this litigation;

F.  Plaintiff and Plaintiff's attorneys shall not disclose or produce Defendant Officers' Internal Affairs files to any non-party at any time except for police procedures experts retained by Plaintiff in this matter and for use as exhibits at trial;

G.  Plaintiff and Plaintiff's attorneys shall limit access to Defendant Officers' Internal Affairs files to those qualified persons (attorneys, associates, staff/employees who are working on the litigation, and Plaintiff's police procedures experts) who are authorized to receive the files under the Protective Order;

H.  Plaintiff and Plaintiff's attorneys shall return to Defendant Officers their Internal Affairs files produced under this Protective Order within thirty (30) days of the resolution of this case; and

I.      Plaintiff and Plaintiff's attorneys shall purge all copies of Defendant Officers' Internal Affairs files from Plaintiff's and Plaintiff's attorney's files at the resolution of the lawsuit.

*Robert H. Scott 4-30-10*
_____
The Honorable Robert H. Scott
United States Magistrate Judge