IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDRES ARELLANES,

        Plaintiff,

v.

                                              Cause No. CIV 09-432BB/RHS

JASON CLARKE, DAYNA BROCK,
JOEL LUCHETTI, and EDDIE PADILLA
in their individual capacities,

        Defendants.

## MOTION TO QUASH SUBPOENA TO SANTA ANA PUEBLO

        Defendants, Jason Clarke and Dayna Brock, by and through their counsel, Robles, Rael & Anaya, P.C. (Terri Sauer Beach, Esq. and David C. Kramer, Esq.) respectfully request that the Court quash the subpoena issued by Plaintiff's in this matter and for their Motion state:

**I.      INTRODUCTION**

        In this civil rights case, Plaintiff is alleging that in 2007 he was wrongfully arrested and was subjected to excessive force by Defendants Officer Brock and Officer Clark.  [Doc. No. 1 and 10]. Both officers were employed at the time by the Albuquerque Police Department ("APD").  However Officer Brock has since that time accepted a position as a full-time, sworn police officer with the Pueblo of Santa Ana, New Mexico (hereinafter "the Pueblo").  Plaintiff has issued a subpoena to the Pueblo pursuant to Fed. R. Civ. P. 45, seeking "[t]he complete personnel file of Officer Dayna Brock" including her application and any notes of interviews, discipline, investigations or complaints.  Subpoena dated April 23, 2010, attached hereto as *Exhibit 1*.

326ddc3b6579d04a

For the reasons that follow, Plaintiff's subpoena is improper because, among other reasons[1], the Pueblo a is legally recognized sovereign nation and Plaintiff must first exhaust its remedies within the Pueblo's tribal courts, before attempting the issuance and service of a subpoena from this Court.

Pursuant to D.N.M. LR-Civ 7.1(a), Officer Brock has sought the concurrence of Plaintiff in this motion and Plaintiff opposes this motion.

## II.    LEGAL STANDARDS AND ANALYSIS

A subpoena from a federal District Court is an assertion of the Court's jurisdiction over the recipient of the subpoena, and an Indian tribe or Pueblo need not obey such a subpoena on grounds of tribal sovereignty.  United States v. James, 980 F.2d 1314, 1319-20 (9th Cir. 1992), cert. denied, 510 U.S. 838, (1993) (holding that an Indian tribe is immune from service of a federal District Court's subpoena, and quashing that subpoena).    Accord Catskill Dev. LLC v. Park Place Entertainment Corp, 206 F.R.D. 78, 87-89 (S.D.N.Y. 2002) (discussing James and its progeny). Even when a tribe or its members are sued directly in federal court, it may not be served with a subpoena unless there is an express waiver of the inherent sovereign immunity of the tribe.  Quair v. Bega, 388 F. Supp. 2d 1145, 1147 (E.D. Ca. 2005).  Here, the face of the subpoena issued by Plaintiff directs it to the "Santa Ana Police Department."  *Exhibit 1.*    The Santa Ana Police Department is an agency or arm of the Pueblo itself.  Therefore, Plaintiff is directing this civil

---

[1] Defendant Brock expressly reserves other grounds to challenge the subpoena, including that it seeks a privileged personnel file, is overly broad, and that is not reasonably calculated to lead to the discovery of relevant evidence.  Regan-Touhy v. Walgreen Co., 526 F.3d 641, 648 (10th Cir. 2008) (holding that requests for a personnel file implicate strong privacy interests and should be narrowly tailored).  See also Nelson v. State, 202 P.3d 1072, 1076 (Wyo. 2009) (denying an attempt to discover a police officer's personnel file for evidence of encounters similar to the one at issue, as such was not relevant or material).

subpoena to the Pueblo in its capacity as a government.  The Tenth Circuit has recently observed that the Pueblo is a federally recognized Indian nation, with its own system of government and formal tribal court.   Burrell v. Armijo, 456 F.3d 1159, 1174-1175 (10th Cir.  2006).

This Court does not have general jurisdiction over the Pueblo to enforce the subpoena but must carefully evaluate any legal basis or power to enforce an order on the Pueblo and intrude on tribal sovereignty.  See Quair, 388 F. Supp. 2d at 1147.   See also United States v. Velarde, 40 F. Supp. 2d 1314, 1316-1318 (D.N.M. 1999) ("Velarde") (discussing sovereign immunity as a basis to quash a subpoena to a tribe, but in the context of a criminal case under the Major Crimes Act).  Moreover, because the subpoena seeks the internal governmental files of the Pueblo when it is acting as a government, this case implicates some of the core concerns behind tribal sovereignty, including interference with tribal governance, internal affairs, and administration.  Id.  Unlike a criminal case brought by the federal government under the Major Crimes Act, Plaintiff is not himself the federal government and, even if he were, cannot demonstrate any strong federal interest that could outweigh the Pueblo's interest in control over its own internal personnel files. Catskill, 206 F.R.D. 78, 87-89 (holding that a federal civil subpoena is generally ineffective against a tribe, and that Velarde is limited to criminal cases where the United States itself issues the subpoena to the tribe).  In addition, Plaintiff cannot show any voluntary or express waiver of sovereign immunity of the Pueblo, such as through commercial or contractual activity with Plaintiff in this case.   Id.

Moreover, the Ninth Circuit, in re-affirming James, has directly held that an Indian tribe or pueblo has an overriding interest in protecting the privacy and confidentiality of its employee's personnel files and records as a matter of tribal self-governance.  Bishop Paiute Tribe v. County of Inyo, 275 F.3d 893, 903-904 (9th Cir. 2002), rev'd on other grounds by 538 U.S. 701 (2003). Plaintiff is here seeking the personnel file of an employee of the Pueblo.  This is impermissible under the

holdings of <u>Bishop Paiute Tribe</u> and <u>James</u> because a tribe or pueblo is simply immune from such discovery. <u>Id.</u> Surely a civil subpoena for records pursuant to Fed. R. Civ. P. 45 is less compelling (and evinces a far weaker interest) than the criminal search warrants and subpoenas at issue in <u>James</u> and <u>Bishop Paiute Tribe</u>. Thus Plaintiff cannot show any need greater than those asserted in <u>James</u> and <u>Bishop Paiute Tribe</u>, and he is barred from serving or enforcing a civil subpoena upon the Pueblo for its own governmental files.

The Pueblo has, to date, expressed no opinion regarding its view of this subpoena, but Officer Brock clearly has standing herself to move to quash the subpoena. Officer Brock is an employee of the Pueblo (as is depicted on the face of the subpoena). Because Officer Brock is seeking to protect her own personnel file and her own information contained therein, she has a personal right, interest and privilege with respect to the materials subpoenaed. <u>Transcor. v. Furney Charters</u>, 212 F.R.D. 588, 590 (D. Kan. 2003). <u>Accord Fullbright v. State Farm Mut. Auto. Ins. Co.</u>, No. Civ-09-297-D, 2010 WL 273690, at 1 (W.D. Okla. Jan. 15, 2010).

Officer Brock therefore has standing to object to a subpoena to the Pueblo, regardless of whether the Pueblo files a motion to quash. Police officers have constitutionally-based privacy interests in personal matters contained within their own personnel or employment files. <u>Beach v. City of Olathe, Kansas,</u> 203 F.R.D. 489, 495 (D.Kan. 2001); <u>see also Mason v. Stock,</u> 869 F.Supp. 828, 833 (D.Kan. 1994) (holding that the contents of a  police officer's personnel file were so "highly personal and sensitive in nature" that the contents "should be safeguarded as privileged" in a Section 1983 case involving excessive use of force by police officers).

Because Officer Brock has legal standing to object to the subpoena and because the Pueblo is simply beyond the power or operation of a Rule 45 subpoena issued under the jurisdiction of this Court, this Court should issue an order quashing the subpoena and such other relief it deems proper.

.                                      Respectfully submitted,

                                       ROBLES, RAEL & ANAYA, P.C.


                              By:      /s/ David C. Kramer
                                       Terri Sauer Beach
                                       David C. Krameer
                                       Attorneys for Defendants Clarke and Brock
                                       500 Marquette Ave., NW, Suite 700
                                       Albuquerque, New Mexico 87102
                                       (505) 242-2228
                                       (505) 242-1106 (facsimile)

I hereby certify that on this
4th day of May 2010, the
foregoing was electronically
served through the CM/ECF
system to the following:

Zachary A. Ives
Theresa Duncan
Freedman Boyd Hollander Goldberg Ives & Duncan PA
20 First Plaza, Suite 700
Albuquerque, NM 87102

Matthew L. Garcia
George Bach
Bach & Garcia LLC
300 Central SW, Suite 2000 East
Albuquerque, NM 87102
Phone:  (505) 899-1030

Ann Maggiore
BUTT THORTON & BAEHR
4101 Indian School NE #300S
Albuquerque, NM 87110

Stephanie Griffin, Esq.
Assistant City Attorney
PO Box 2248
Albuquerque, NM 87103


 /s/ David C. Kramer
David C. Kramer