IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDRES ARELLANES,

      Plaintiff,

vs.                                                                                      Civ. No. 09-432 BB/RHS

JASON CLARKE, et al.,

      Defendants.

**ORDER REQUIRING PRODUCTION OF DEFENDANT CLARKE'S AND BROCK'S ALBUQUERQUE POLICE DEPARTMENT INTERNAL AFFAIRS FILES**

      THIS MATTER comes before the Court on the Stipulated Protective Order Regarding Defendant Officers' Internal Affairs files **(Doc. 80)**.  Pursuant to the terms of the Order, the Defendant Officers were required to produce to the undersigned a copy of those portions of their Internal Affairs files which they contend are privileged from disclosure, along with a Vaughn index.  The Officers did so produce copies of the Internal Affairs files and the Court has now completed an *in camera* inspection to insure that neither privileged matters, nor information which is entitled to a reasonable expectation of privacy should be disclosed.  Having reviewed the files of the respective Officers and considered all of the pleadings on file in the above-captioned cause, the Court concludes that there is not a significant legal basis to preclude discovery of the documents by the Plaintiff.

      The general rule governing discovery is to permit the liberal investigation of claims:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

FED. R. CIV. P. 26(b)(1).  "When the discovery sought appears relevant, [t]he party resisting discovery bears the burden of establishing lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under Rule 26(b)(1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure."  Pulsecard, Inc. v. Discover Card Services, Inc., 168 F.R.D. 295, 309 (D.Kan. 1996) (citations omitted).  A party objecting to discovery on the basis of privilege bears the burden of establishing that the privilege applies.  See Resolution Trust Corp. v. Dabney, 73 F.3d 262, 266 (10th Cir. 1995); Peat, Marwick, Mitchell & Co. v. West, 748 F.2d 540, 542 (10th Cir. 1984) (citation omitted).  Moreover, "privileges are to be construed especially narrowly when asserted by officers or cities in federal civil rights actions."  Mason v. Stock, 869 F.Supp. 828, 834 (D.Kan. 1994).

     Both Officers Clarke and Brock claim a right to privilege and assert that the documents produced will not lead to discovery of admissible evidence, because the documents are neither relevant nor admissible.  Having reviewed Defendant Brock's Internal Affairs file (which is 106 pages) and Defendant Clarke's Internal Affairs file (which is 1,254 pages) the Court concludes that both Officers have been involved in numerous City complaints, many of which were sustained and resulted in disciplinary action.  These matters are discoverable and should be produced.  Defendants have not met their burden of establishing a claim of privilege or protection with respect to the Officers' Internal Affairs files.

     IT IS THEREFORE ORDERED that the Albuquerque Police Department Internal Affairs files for Defendants Clarke and Brock be produced for inspection by the Plaintiffs within fifteen (15) days of the entry of this Order.  In the event either Defendant wishes a Confidentiality

Order to control access to the files, the Court will approve the same. By determining that both Internal Affairs files are discoverable the undersigned makes no determination that any of the information contained therein is admissible at the time of the trial on the merits and this decision shall be left solely to the discretion of the Trial Court.

_Robert Hayes Scott_
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE